BON TON CLEANERS & DYERS, INC., *et al.,* v. CLEANING, DYEING & PRESSING BOARD, an official Board of the State of Florida, consisting of D. U. Duncan, Robert H. Tudor, Sam. J. Heiman, Robert M. Merritt, and Earl C. Colglazier, *et al.*

176 So. 55.

Opinion Filed April 15, 1937.

Petition for Rehearing Withdrawn May 6, 1937.

534

*Wm. B. Farley, E. F. P. Brigham,* and *William K. Whitfield,* (of Tallahassee) for Apellants;

*Cary D. Landis,* Attorney General, *H. E. Carter* and *John L. Graham,* Asistant Attorneys General, and *Walsh, Beckham & Ellis,* for Appellees.

DAVIS, J.—This cause came on to be heard upon the transcript of the record and the briefs and arguments of the respective parties and the Court having seen and inspected the record and being advised of its opinion and judgment in the premises, it seems to the Court that there is no error in the final decree appealed from, it appearing that appellants are not in position at this time to raise or insist upon the alleged constitutionality of Chapter 16979, Acts 1935, Laws of Florida, in view of the circumstance shown by the record that the appellants signed a specific written agreement with all other parties in the affected area to observe the price fixing rules and regulations of the State Cleaning, Dyeing & Pressing Board in Dade County prior to the time the order prescribing same was entered.

While this Court does not now pass upon the constitutionality of price fixing for the cleaning, dyeing and pressing business as attempted to be authorized by Chapter 16979, Acts 1935, in manner and form and therein specified, it now seems to have become established on the highest judicial authority, since the present case arose, that the ebb

and flow of economic events *does* have an effect on the interpretation required to be given to "liberty" and "due process of law" as applied to freedom of contract from legislative interference, however oppressive the latter may be, and therefore that the legislative authority, acting within the scope of its police .power, may limit, regulate and prohibit the making of contracts to correct abuses from price cutting found to spring from a selfish disregard of the public interest in the manner of carrying on an organized business or industry wherein it appears to be necessary to resort to the remedy of legislative price fixing either to save the producers, or the consumers, or both, from unreasonable and destructive price cutting practices in organized businesses that amount to evils menacing the health, safety, morals and welfare of the people at large who are entitled to protection of law in their social organization of which such organized business is an established part. SEE: West Coast Hotel Company v. Parrish, decided March 29, 1937, 57 U. S. Sup. Ct. 578, 81 L. Ed. ......, Vol. 4, No. 31, page 8, U. S. Law Week; Highland Farms Dairy Inc., v. Agnew, decided March 29, 1937, 57 U. S. Sup. Ct. 549, 81 Law Ed. ......, Vol. 4, No. 31, U. S. Law Week, page 4.

How far this Court will go in departing from its previous decision in State, *ex rel.* Fulton, v. Ives, 123 Fla. 401, 167 Sou. Rep. 394, in .order to conform to the rulings of the United States Supreme Court in the cases last cited, need not now be indicated.

Affirmed.

ELLIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

BROWN, J., concurs in the result.

BUFORD, J., concurs in part.

BUFORD, J. (concurring in part).—I am unable to concur in the reasons given for the judgment in the opinion prepared by Mr. Justice DAVIS in this case. First because I do not think that the appellants by signing the agreement and stipulation referred to in that opinion and as found on pages 25 and 26 of the record have estopped themselves from contesting the constitutionality of Chapter 16979, Acts of 1935.

I do concur in the conclusion reached but for the reason that I deem the Act to be a valid legislative enactment for the reasons stated in the dissenting opinion which I prepared and caused to be filed in the case of State, *ex rel.* Fulton, v. Ives, 123 Fla. 401, dissenting opinion 433, 167 Sou. 394, dissenting opinion, 167 Sou. 407.